# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CASE NO. 5:21-CV-085-KDB-DCK

| | |
|---|---|
| **DESIREE LINDSAY,** | )<br>) |
| **Plaintiff,** | )<br>) |
| v. | ) **PROTECTIVE ORDER** |
| **LOWE'S HOME CENTERS, LLC,** | )<br>)<br>) |
| **Defendant.** | )<br>)<br>) |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Joint Motion For Entry Of Agreed Protective Order" (Document No. 13) filed October 5, 2021. The parties' motion is hereby granted and the Agreed Protective Order is entered as follows:

The parties hereto, Plaintiff DESIREE LINDSAY and Defendant LOWE'S HOME CENTERS, LLC, having consented through their respective counsel for the entry of this Agreed Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure in order to protect the confidentiality of certain information and to facilitate discovery, IT IS HEREBY ORDERED THAT:

1. This Agreed Protective Order shall remain in effect for the duration of this action, unless otherwise ordered by the Court or agreed by the parties.

2. The purpose of this Agreed Protective Order is to protect against the unnecessary disclosure of confidential information and documents. Information and documents protected by this Agreed Protective Order shall include:

a. All information and documents produced by Defendant in this action that refer to, reflect upon, or relate to any applicant for employment or any current or former employee of Defendant, other than Plaintiff, including, but not limited to, documents contained in such employees 'personnel and medical files, Defendant's Human Resources Department files, and Defendant's Associate Relations Department files;

b. Defendant's trade secrets or other confidential proprietary technical, business, or financial information and/or documents that are not generally known to the public;

c. Plaintiff's medical file and any other medical information and/or documents pertaining to Plaintiff; and

d. Any other documents or testimony that a party in good faith designates as "confidential."

The information and documents protected by this Agreed Protective Order shall be referred to as "Confidential Materials." The restrictions contained herein regarding disclosure of Confidential Materials also apply with equal force to any copies, excerpts, analyses, or summaries of such materials or the information contained therein, as well as to any pleadings, memoranda, briefs, exhibits, transcripts, or other documents that may be prepared in connection with this action that contain or refer to the Confidential Materials or information contained therein.

3. "Disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise provide or communicate to any person or entity the Confidential Materials, whether pursuant to request, interrogatory, process, or otherwise, and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

4. Confidential Materials shall be used solely for the purpose of this action, shall not be used for any other business, competitive, or other purpose, and shall not be disclosed to any other person or entity other than:

    a. The parties in this action;

    b. Counsel for the parties in this action, including employees of such counsel to the extent necessary to render professional services in this action;

    c. The Court and persons employed by the Court working on this action;

    d. Court reporters at the proceedings in this action;

    e. Experts or consultants retained or consulted by the parties in connection with this action, but only as set out in Paragraph 5 below; and

    f. Deponents, trial witnesses, and potential witnesses in connection with this action, but only as set out in Paragraph 5 below.

5. Prior to making the disclosure of any Confidential Materials pursuant to subsections (e) and (f) of Paragraph 4, counsel making such disclosure shall inform any person to whom disclosure is being made that the information or documents to be disclosed, or any portions thereof, may be used only for the purposes set forth in this Agreed Protective Order. In addition, such persons shall state their consent in writing (in the form of an Acknowledgment attached hereto as Exhibit A) to be bound by the terms of this Agreed Protective Order. Upon request by a party's counsel, the other party's counsel will mail a copy of any signed Acknowledgment forms.

6. Information disclosed at the deposition of any party or at the deposition of one of Defendant's present or former officers, directors, employees, or agents, or of independent experts retained by any party for purposes of this litigation, may be designated by such party as

confidential by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of this Agreed Protective Order. Alternatively, a party may designate information disclosed at such deposition as confidential by notifying all parties in writing, within ten (10) days of receipt of the transcript, of the specific pages and lines of the transcript which are confidential. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody, or control. All depositions shall be treated as confidential for a period of at least ten (10) days after a full and complete transcript of said deposition is available.

7. This Agreed Protective Order does not limit the right of any party to object to the scope of discovery or to any particular discovery request in this action.

8. Upon request by the producing party, within thirty (30) days of the conclusion of this action as to all parties, Confidential Materials produced by the producing party, as well as all copies, excerpts, or summaries thereof, shall be returned to the producing party. In the event counsel possesses attorney work product containing or referring to confidential materials, such attorney work product shall remain subject to the restrictions set forth in Paragraph 4 above or in the alternative may be destroyed. The ultimate disposition of Confidential Materials is subject to a final order of the Court on the conclusion of the action. Counsel for the parties may retain one copy of documents in their file in order to comply with the requirements of the North Carolina State Bar record retention rules.

9. Nothing in this Agreed Protective Order shall prevent a party from any use of its own Confidential Materials. Moreover, nothing in this Agreed Protective Order shall limit the right of the parties to use Confidential Materials for purposes of this action, including in any

pleadings, memoranda, briefs, exhibits, or other documents that may be prepared in connection with this action. In the event Confidential Materials are included in any paper filed with the Court, such paper shall be filed as "Confidential," except as otherwise provided by the Court, or as otherwise agreed to by the parties in writing. Any motion, memorandum, document or other paper filed with the Court is presumptively a public document and any decision of the Court regarding whether to allow any filing to be made under seal is subject to Local Civil Rule 6.1 and applicable law.

10. Documents, things, and/or information, including portions of any transcript, shall not be filed under seal without a specific court order to do so. Any party seeking such an order shall comply with Section II (A)(11) of the Electronic Case Filing Administrative Policies and Procedure Manual of the U.S. District Court for the Western District of North Carolina.

11. Pursuant to Stone v. University of Maryland Medical System Corp., 855 F.2d 178, 180-181 (4th Cir. 1988), each time a party seeks permission to make a sealed filing, it shall accompany the motion to seal with a supporting memorandum of law specifying: (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the Court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal.

12. The inadvertent or unintentional disclosure of any Confidential Materials shall not be construed to be a waiver, in whole or part, of any party's claim of confidentiality, either as to the specific Confidential Material disclosed or as to other related information.

13. Any party may apply to the Court for relief from this Agreed Protective Order. The party seeking relief from this Agreed Protective Order shall specify which information and/or documents designated as "Confidential" by the opposing party it wishes to disclose outside the confines of this action and the purpose for which and the manner in which it seeks to disclose the information. No party shall disclose any information and/or documents designated as "Confidential" by an opposing party without the written consent of the opposing parties or the express permission of the Court.

14. Before seeking relief from the Court due to an alleged violation of this Agreed Protective Order, the party seeking relief will attempt to resolve the matter by agreement with the other party.

15. The terms of this Agreed Protective Order are subject to modification, extension, or limitation as may be hereinafter agreed to by all parties, or by order of the Court.

16. The Court retains the right to allow disclosure of any subject covered by this Agreed Protective Order or to modify this Agreed Protective Order at any time in the interest of justice.

17. Any violation of the terms of this Agreed Protective Order may, in the discretion of the Court, be found to constitute contempt and may result in sanctions to be fixed by the Court in its discretion.

**SO ORDERED**.

Signed: October 6, 2021

David C. Keesler
United States Magistrate Judge

**AGREED AND ACCEPTED BY**:

| DESIREE LINDSAY | LOWE'S HOME CENTERS, LLC |
|---|---|
| By: *s/ Sean Herrmann* | By: *s/ Frederick T. Smith* |
| Sean Herrmann | Frederick T. Smith |
| NC Bar No. 44453 | NC Bar No. 45229 |
| E-mail: sean@herrmannmurphy.com | E-mail: fsmith@seyfarth.com |
| Kevin Murphy | Stephanie Simpson |
| NC Bar No. 41467 | IL Bar No. 6307015 |
| E-mail: kevin@herrmannmurphy.com | E-mail: stsimpson@seyfarth.com |
| Attorneys for Plaintiff | Attorneys for Defendant |
| HERRMANN & MURPHY, PLLC | SEYFARTH SHAW LLP |
| 1712 Euclid Avenue | 121 W. Trade Street |
| Charlotte, North Carolina 28203 | Suite 2020 |
| Telephone: (704) 940-6399 | Charlotte, North Carolina 28202 |
| Facsimile: (704) 940-6407 | Telephone: (704) 925-6060 |
| | Facsimile: (704) 559-2425 |

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:21-CV-085-KDB-DCK**

| | |
|---|---|
| **DESIREE LINDSAY,**<br><br>   **Plaintiff,**<br><br>  **v.**<br><br>**LOWE'S HOME CENTERS, LLC,**<br><br>   **Defendant.** | **ACKNOWLEDGMENT** |

  I, _____, hereby acknowledge that I have read the Agreed Protective Order entered by the Court on _____, 2021 in connection with the above-captioned action and am familiar with its terms.

  The undersigned further acknowledges that he/she fully understands the provisions of the Agreed Protective Order, agrees to be bound by those provisions, and has been apprised of the possible penalties attendant upon a violation of any of those provisions, including but not limited to being held in contempt.

  This \_\_\_\_ day of _____, 2021.

_____